**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Taquan Pugh,

Plaintiff, Case No. 26-cv-11287

v. Judith E. Levy
United States District Judge

Lichota, *et al.*,

Mag. Judge David R. Grand

Defendants.

________________________________/

**OPINION AND ORDER**
**PARTIALLY DISMISSING THE COMPLAINT [1]**

Plaintiff Taquan Pugh filed a *pro se* complaint that the Court believes is brought under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is incarcerated at the Ionia Correctional Facility in Ionia, Michigan. (*See id.*) His application to proceed without prepayment of fees was granted. (ECF Nos. 2, 6.) In the caption of his complaint, Plaintiff lists "Officer Lichota" and "Saginaw County Correctional Facility" as Defendants, and in the body of his complaint, Plaintiff lists "Officer Lichota" and "Saginaw

Admini[s]tration" as Defendants.[1] (ECF No. 1, PageID.1–2.) For the reasons set forth below, the Court dismisses Plaintiff's claims against Saginaw Correctional Facility with prejudice, and against Saginaw Administration without prejudice. Plaintiff's Eighth Amendment failure-to-protect claim against Lichota may proceed.

## I. Background

Plaintiff alleges that on January 31, 2025, he was in his cell when his locked cell door came unlocked. (*Id.* at PageID.3.) He claims that the door can only be unlocked from the unit's control room. (*Id.*) Plaintiff alleges that another inmate, French, then ran into his cell and assaulted him, saying he was "going to teach [him] a lesson on writing grievances." (*Id.*) Plaintiff alleges that he fought off French until corrections officers arrived and took Plaintiff to segregation. (*Id.*) Plaintiff further alleges that when he was later visiting with his mother, French was present on another visit, and asked Plaintiff "did [you] learn [your] lesson." (*Id.*)

Plaintiff claims that he asked an officer why French was not transferred to another prison after the assault, and the officer said, "don't

[1] The docket sheet lists "Lichota," "Saginaw Correctional Facility," and "John Doe" as Defendants.

worry about it because next time [you] might not make it." (*Id.*) Plaintiff then appears to allege that corrections officer Lichota deliberately allowed French into his locked cell, stating "There's [no] way Officer Lichota could've made a wrong choice opening my cell door because the whole MDOC goes off of face sheets with our name prison number and the cell we lock in." (*Id.*)

Plaintiff asserts that his Eighth Amendment rights were violated because "the office[i]al[']s intent was to harm me." (*Id.* at PageID.4.) Plaintiff "want[s] to bring light to the fact that SRF is trying to cover up that they failed to protect me from assault, and the officer that opened my door is still working there without any actions taken from his choice to bring harm to me." (*Id.*) Plaintiff seeks $200,000 in damages for his "life almost getting taken." (*Id.*)

## II. Legal Standard

The Court permitted Plaintiff to proceed without prepayment of fees under 28 U.S.C. § 1915(a)(1). (ECF No. 6.) Accordingly, the Court is required to screen Plaintiff's complaint and to dismiss it if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28

U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see McGore v. Wrigglesworth*, 114 F. 3d 601, 604 (6th Cir. 1997).

When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (emphasis in original) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). This rule is intended to give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration

in original) (internal citation omitted). "[D]etailed factual allegations" are not required under Rule 8's pleading standard, but the standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

To state a claim under § 1983, a plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001) (citation omitted).

## III. Analysis

### A. Plaintiff's claim against Defendant Lichota may proceed.

To establish a failure-to-protect claim under the Eighth Amendment, a plaintiff must demonstrate that a defendant was

deliberately indifferent to "a substantial risk" that he might suffer "serious harm." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)).

A failure-to-protect claim has both an objective and a subjective component. *Farmer*, 511 U.S. at 835–38. The objective component requires the plaintiff to show that absent reasonable precautions he was exposed to a substantial risk of serious harm. *See Green*, 361 F.3d at 294. The subjective component requires the plaintiff to show that the defendant acted with deliberate indifference, meaning that the defendant was "subjectively aware of the risk," but failed "to take reasonable measures to abate it." *Greene*, 361 F.3d at 294 (quoting *Farmer*, 511 U.S. at 829, 847).

Liberally construing the complaint, Plaintiff asserts that Lichota intentionally allowed another prisoner to enter his cell and engage in a life-threatening assault. The complaint states an Eighth Amendment failure-to-protect claim against Lichota, and the case will proceed on that basis.

**B. Plaintiff's claim against the Saginaw County Correctional Facility is dismissed with prejudice.**

Plaintiff's claim against the Saginaw County Correctional Facility fails as a matter of law. "It is well-settled that county jails . . . are not legal entities subject to suit under § 1983." *Sychantha v. Livingston Cnty. Jail*, No. 24-cv-13043, 2025 WL 495549, at *2 (E.D. Mich. Feb. 13, 2025) (collecting cases) (dismissing with prejudice the plaintiff's claims against the Livingston County Jail in a *pro se* prisoner civil rights action brought under § 1983); *see also Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (similar). Therefore, Plaintiff's claim against the Saginaw County Correctional Facility is dismissed with prejudice.

**C. Plaintiff's claim against "Saginaw Administration" is dismissed without prejudice.**

Plaintiff's claim against "Saginaw Administration" must be dismissed as well. To the extent Plaintiff is attempting to sue Saginaw Correctional Facility administrators by naming "Saginaw Administration" as a defendant, the complaint fails to state a claim. Plaintiff asserts in conclusory terms that the "SRF is trying to cover up that they failed to protect me from assault, and the officer that opened my door is still working there without any actions taken," or, in other

words, that "SRF" failed to take corrective action against Lichota. (ECF No. 1, PageID.4.) This appears to be a supervisory liability claim.

To state a § 1983 claim based on supervisory liability, a plaintiff must show (1) "unconstitutional conduct by a subordinate of the supervisor," and (2) that the supervisor "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (first quoting *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006); and then quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Supervisory officials' "failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Id.* (quoting *Sheehee*, 199 F.3d at 300). The failure to "discipline and . . . act" on a supervisee's alleged improper conduct "do[es] not constitute 'active constitutional behavior' as required and thus, [is] not actionable" under § 1983. *Id.* (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, an official's failure to act or investigate does not constitute personal involvement in the underlying misconduct. *See Peatross v. City of Memphis*, 818 F.3d 233,

241 (6th Cir. 2016) ("[A] mere failure to act will not suffice to establish supervisory liability." (citations omitted)).

Even if Plaintiff can establish an underlying constitutional violation, his § 1983 claim against "Saginaw Administration" as a supervisory official fails because Plaintiff has made no factual allegations that "Saginaw Administration"—or any administrator at the Saginaw Correctional Facility—"encouraged" or otherwise "directly participated in" the underlying misconduct. *Cardinal v. Metrish*, 564 F.3d 794, 802–03 (6th Cir. 2009) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002)).

On the other hand, if Plaintiff's complaint against "Saginaw Administration" is construed as being against Saginaw County, Plaintiff still fails to state a claim. A county or municipality can be held liable for the deprivation of a plaintiff's constitutional rights by its employees acting under color of state law, but "only where the deprivation results from an official custom or policy of the municipality." *Mitchell v. Washtenaw Cnty. Sheriff's Dep't*, No. 25-cv-10653, 2026 WL 798929, at *3 (E.D. Mich. Mar. 23, 2026) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92, 694 (1978)); *see Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d

690, 700 (6th Cir. 2006) (setting forth three-part test for failure to train or supervise claims under § 1983). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Mitchell*, 2026 WL 798929, at *3 (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). A plaintiff must also establish that the policy or custom was the "'moving force' of the constitutional deprivation, such that the plaintiff's constitutional injury was directly caused by the conduct of the municipality rather than simply by the conduct of the municipal employee." *Id.* at 387–88 (citing *Doe v. Claiborne Cnty.*, 103 F.3d 495, 508 (6th Cir. 1996)).

Plaintiff does not allege any facts to suggest that his claim results from a county or prison policy or custom. *See Gonzalez v. Kovacs*, 687 F. App'x 466, 470 (6th Cir. 2017) (affirming dismissal of a *Monell* claim where plaintiff's complaint alleged "not a single fact that suggests, plausibly or otherwise, that [a deputy's] alleged misconduct was the result of a custom, policy, or practice of [the] County"). Conclusory allegations are insufficient to state a claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–57. Plaintiff thus fails to state a § 1983 claim

against "Saginaw Administration." Accordingly, Plaintiff's claim against "Saginaw Administration" is dismissed without prejudice.

## IV. Conclusion

For the reasons set forth above, the Court dismisses Plaintiff's claims against Saginaw Correctional Facility and Saginaw Administration. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Plaintiff's claim against the Saginaw Correctional Facility is dismissed with prejudice. Plaintiff's claim against Saginaw Administration is dismissed without prejudice. Plaintiff's claim against Lichota may proceed.

IT IS SO ORDERED.

Dated: October 21, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 21, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager